IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:14-cr-221 |
| | : | |
| v. | : | |
| | : | |
| **JOSEPH GALLARDO** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M

Before the court is Joseph Gallardo's motion for change of venue (Doc. 121) related to his pending petition filed pursuant to 28 U.S.C. §2255 (Doc. 104). Gallardo seeks this change of venue for two reasons: (1) for the convenience of the parties pursuant to 28 U.S.C. § 1404(a), and (2) alleged prejudice of the judge who has jurisdiction over this case.

Venue is proper in the Middle District of Pennsylvania. The cause of action accrued here; a guilty plea was entered here; and both defense counsel and the former AUSA are located here. Thus, venue will not be changed for the convenience of the parties.

As to his second basis, Gallardo seeks recusal of the undersigned judge pursuant to 28 U.S.C. § 144. For the following reasons, Gallardo's request will be denied.

Section 144 of Title 28 states in its entirety:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter

is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

      The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.[1]

28 U.S.C. § 144.

It is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *Conklin v. Warrington Twp.*, 476 F. Supp. 2d 458, 462, n.10 (M.D. Pa. 2007) (citing *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973)). The court must examine the facts alleged in the affidavit to determine if they are sufficient to convince a reasonable person that the judge had a relevant bias. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

The mere filing of an affidavit under 28 U.S.C. § 144 does not automatically disqualify a judge. *Townsend*, 478 F.2d at 1073. In addition, more than mere conclusions are required. *Id.* at 1074. "An affidavit is legally sufficient if the facts alleged therein: (1) are material and stated with particularity; (2) would

---

[1] Gallardo is proceeding *pro se*, having rejected the appointment of counsel. Since Gallardo is representing himself, there is no certificate of counsel of record stating that the affidavit is made in good faith. Nor has Gallardo asserted that the affidavit is made in good faith.

convince a reasonable person to conclude a bias exists; and (3) evince bias that is personal, as opposed to judicial in nature." *Oliver v. Beard*, 2012 WL 7963128, *5 (M.D. Pa. 2012) (citing *Thompson*, 483 F.2d at 528). The court will examine the legal sufficiency of Gallardo's affidavit against the above standards.

1) Whether the alleged facts are material and stated with particularity

The affidavit alleges that AUSA Fawcett, who prosecuted this case, has been a prosecutor in this district "at least since 2006." Since the undersigned judge has been at the bench since 1979, Gallardo argues "it would present a miscarriage of justice to have the same judge review the claim of prosecutorial misconduct and ineffective assistance of counsel." Gallardo attaches to the affidavit documents which set out the alleged conspiracy and collusion between Fawcett and defense counsel which is the basis for his § 2255 petition.

Gallardo does not claim that this judge knew of the alleged collusion or fraudulent documents or participated in the alleged fraudulent conduct. Gallardo's observations are conclusory and fail to meet the particularity requirement.

2) Whether the alleged facts would convince a reasonable person to conclude a bias exists

For the same reasons set forth above, the alleged facts would not convince a reasonable person to conclude a bias exists.

3) Whether the alleged facts evince a bias that is personal as opposed to judicial in nature

Gallardo has pointed to no specific personal bias toward him – only a speculative possibility that this court might rule against him on his § 2255 petition because the prosecutor and this judge have served the court in this district in different capacities and therefore the undersigned might show bias. This again is speculative. Gallardo has set forth no facts to evince a personal bias against him.

The affidavit and supporting documents do not meet the requirements that support a motion for recusal.

The motion will be denied.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: February 1, 2017