Mr. Joseph Gallardo #71561-067
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866

**FILED**
**HARRISBURG, PA**

AUG 1 0 2017

𝒟ᴜᴀ

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>v. )<br>)<br>**JOSEPH R. GALLARDO,** )<br>Defendant. )<br>) | CRIM. NO. 1:14-CR-00221 |

### *MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S TRAVERSE TO GOVERNMENT'S REPLY TO DEFENDANT'S MOTION FOR BAIL*

**AND NOW**, comes the petitioner, Joseph R. Gallardo, proceeding pro se, and submits this Motion for Leave to Supplement his traverse to the Government's reply in opposition to his motion for bail pursuant to Rule 23 of the Federal Rules of Appellate Procedure.

The Government argues that, Defendant expressly waived the statute-of-limitations defense when the defendant and his counsel [allegedly] signed a waiver agreement on April 05, 2014. (Exhibit A). Mr. Gallardo, however, asserts that he did not knowingly and voluntarily enter into the waiver agreement. In fact, from June 09, 2016, the date he discovered the waiver agreement, until now, Mr. Gallardo has consistently averred two things: (1) *he did not sign* the waiver agreement; and (2) *he has never seen* the said document before June 09, 2016.(Exhibit B)

Enclosed you will find copies of the attorney visitation log from Dauphin County Prison. (Exhibit C) In the copies included with this Motion one can see that attorney Joshua D. Lock did not visit defendant, Joseph R. Gallardo on April 05, 2014. Which is the alleged day when the

1

defendant and counsel signed the Waiver Agreement. How can defendant sign the Waiver Agreement when counsel Lock did not visit defendant on April 05, 2014?

Also, included is a copy of attorney Lock's affidavit which states that defendant and counsel signed the Waiver Agreement on April 05, 2014. (Exhibit D) Attorney Lock visited defendant on March 29, 2014, and then the next date that attorney Lock visited defendant is on April 07, 2014. There is NO visitation from attorney Lock to defendant Gallardo on April 05, 2014. If defendant did sign Waiver Agreement on April 07, 2014- which he did not- then fraud on the court has been committed by fraudulently back dating a legal document.

This also explains the email sent to attorney Lock on April 21, 2014 from the former AUSA Christy Haas Fawcett. (Exhibit E) In that email the former AUSA Fawcett states to attorney Lock that the Waiver Agreement needs to be back-dated to April 01, 2014. Is it legal to back date a pertinent legal document?

Dated: *August 07, 2017*

Respectfully submitted,

*Joseph Ramon Gallardo*, by pro se

## CERTIFICATE OF SERVICE

I, Joseph R. Gallardo, hereby certify that I have on this Seventh (7) day of August, 2017, served a copy of the foregoing MOTION, MOTION FOR LEAVE TO SUPPLEMENT DEFENDANT'S TRAVERSE TO GOVERNMENT'S REPLY TO DEFENDANT'S MOTION FOR BAIL upon counsel for the government:

1) Chelsea B. Schinnour
   U.S. Department of Justice
   United States Attorney's Office
   Middle District of Pennsylvania
   228 Walnut Street, Suite 220
   Harrisburg, PA 17108

2) Office of the Clerk
   United States District Court
   United States Courthouse
   228 Walnut Street
   P.O. Box 983
   Harrisburg, PA 17108

by United States Mail, first class postage prepaid.

Respectfully submitted,
Joseph R. Gallardo
Reg. No. 71561-067
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866

EXHIBIT A

IN THE MATTER OF JOSEPH GALLARDO

## W A I V E R   A G R E E M E N T

The following agreement is entered into by and between the United States Attorney for the Middle District of Pennsylvania, the above-captioned individual and his counsel. Any reference to the United States or to the Government in this Agreement shall mean the office of the United States Attorney for the Middle District of Pennsylvania.

WHEREAS, Joseph Gallardo is presently the subject of a federal criminal investigation and a criminal complaint charging him with mail fraud, in violation of Title 18, United States Code, has been filed in connection with the investigation; and

WHEREAS, Joseph Gallardo, his counsel, and the United States are presently engaged in discussions which are mutually intended to result in a

pre-indictment disposition of any potential criminal charges; and

WHEREAS, all parties to this agreement mutually agree that it would be beneficial for these discussions to go forward prior to any action by a grand jury in this matter; and

WHEREAS, Joseph Gallardo has been fully informed of his right to prosecution within the period defined by any statute of limitations, and wishes to waive this right for a limited period of time in order to allow the parties to complete their current discussions and negotiations;

It is therefore mutually agreed as follows:

Joseph Gallardo agrees to toll any applicable statute of limitations and waive any defenses to the filing of federal criminal charges by the United States in this matter based upon laches, the assertion of speedy trial rights, any applicable

statute of limitations or any other grounds from the date of this agreement through June 1, 2014.

ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____        _____
Dated                              Joseph Gallardo

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

4/5/14
_____        _____
Date                               Joshua Lock, Esquire
                                   Counsel for Defendant


_____        _____
Date                               Christy H. Fawcett
                                   Assistant U.S. Attorney

3

EXHIBIT B

Commonwealth of Pennsylvania
County of Clearfield

Joseph R. Gallardo
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866
Reg. No. 71-561067

July 27, 2016

United States District Court for the
Middle District of Pennsylvania
U.S. Courthouse and Federal Building
240 West Third Street
P.O. Box. 983
Harrisburg, PA 17108

**RE: AFFIDAVIT Of Signature**

Dear Sir or Ma'am:

I would like to begin by saying that before June 9, 2016, I, Joseph R. Gallardo have **NEVER** seen the legal document WAIVER AGREEMENT! When I first noticed the document and read it thoroughly, I noticed that the signature on page three of this three page document is **NOT** my signature. Let me reiterate, the signature is not my signature and the date written is **NOT** in my hand writing. This legal document has been **FRAUDULENTLY** created! To the best of my knowledge, this legal document called WAIVER AGREEMENT has been FRAUDULENTLY created by AUSA Christy Haas Fawcett and attorney Joshua D. Lock. I have enclosed a copy of an email which was mailed from AUSA Fawcett to attorney Lock which talks about WAIVER AGREEMENT and **BACK DATING** this legal document. The email was sent on April 21, 2014 and mentions said legal document and back dating WAIVER AGREEMENT to April 1, 2014! IS this ethically legal?

Respectfully submitted,

Joseph R. Gallardo
07/27/16

CC: JRG

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Angela G. Green, Notary Public
Decatur Twp., Clearfield County
My Commission Expires June 4, 2018

Sworn to and subscribed before me this 27th day of July, 2016

EXHIBIT C

# DAUPHIN COUNTY PRISON
## OFFICIAL VISITORS LOG

[GREEN IDENTIFICATION BADGES]

By my signature below, I hereby acknowledge, understand and recognize that it is prohibited to bring past the main lobby of Dauphin County Prison and into any secure area of the facility any contraband or any type (or any part) of an instrument, device, machine or equipment which is capable of transmitting telephonic, electronic, digital, cellular or radio communications. This shall include, but not be limited to, cellular phones, digital phones, blackberry/PDA type devices, two-way radios or pagers, recording devices or cameras, etc. Be advised that the introduction of such items under certain circumstances may be punishable under the law [18 Pa.C.S.A. §5122]. The introduction of such items into any secure area of the facility may result in the immediate confiscation, destruction and disposal of such item as well. By my signature below, I hereby also consent to the confiscation, destruction and disposal of such items if they are brought into any secure area of the facility by me. It shall also be noted that it is a violation of Prison Policy to give anything to or receive anything from an inmate during a visit, or bring into the facility any camera, video or audio recording equipment without permission of the Warden or designee.

| *DATE* | *FULL NAME* | *AGENCY/FIRM* | SIGNATURE | *INMATE* | TIME IN | TIME OUT | BADGE # | OFFICER |
|---|---|---|---|---|---|---|---|---|
| 3/27 | Joshua Lock | Atty | | Gallardo, Joseph | 1401 | 1447 | 601 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

INFORMATION IN ASTERISK [*] COLUMNS ARE TO BE PRINTED BY THE OFFICER

DCP-135

# DAUPHIN COUNTY PRISON
## OFFICIAL VISITORS LOG

[GREEN IDENTIFICATION BADGES]

By my signature below, I hereby acknowledge, understand and recognize that it is prohibited to bring past the main lobby of Dauphin County Prison and into any secure area of the facility any contraband or any type (or any part) of an instrument, device, machine or equipment which is capable of transmitting telephonic, electronic, digital, cellular or radio communications. This shall include, but not be limited to, cellular phones, digital phones, blackberry/PDA type devices, two-way radios or pagers, recording devices or cameras, etc. Be advised that the introduction of such items under certain circumstances may be punishable under the law [18 Pa.C.S.A. §5122]. The introduction of such items into any secure area of the facility may result in the immediate confiscation, destruction and disposal of such item as well. By my signature below, I hereby also consent to the confiscation, destruction and disposal of such items if they are brought into any secure area of the facility by me. It shall also be noted that it is a violation of Prison Policy to give anything to or receive anything from an inmate during a visit, or bring into the facility any camera, video or audio recording equipment without permission of the Warden or designee.

| *DATE* | *FULL NAME* | *AGENCY/FIRM* | *SIGNATURE* | *INMATE* | TIME IN | TIME OUT | BADGE # | OFFICER |
|---|---|---|---|---|---|---|---|---|
| 4-2-14 | Joshua Cook | Atty | [signature] | Joseph Gallardo | kDc | 1832 | 21 | [signature] |

INFORMATION IN ASTERISK [*] COLUMNS ARE TO BE PRINTED BY THE OFFICER

DCP-135

EXHIBIT D

GOVERNMENT
EXHIBIT
2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | AFFIDAVIT OF JOSHUA D. LOCK |
| v. | : | |
| | : | 1:14-CR-221 |
| JOSEPH R. GALLARDO | : | |

I Joshua D. Lock, Esquire, being first duly sworn, deposes and says:

1. I was retained to represent Joseph Gallardo "Gallardo" in case number 1:13-MJ-93 and in case number 1:14-CR-221, when a Criminal Information was filed in U.S. District Court.

2. I began my representation of Gallardo on or about March 24, 2014. Pursuant to my ethical duties, I reviewed discovery and engaged in discussions with the Government. This included spending a multitude of hours at the Postal Inspection Service reviewing documents and meeting with my client to discuss my findings.

3. Since the documentary evidence in the case was voluminous, we agreed with the Government to continue the deadline to file an Indictment or Criminal Information on three occasions. These waivers were discussed with my client at length and he was fully advised of the strategic benefits of extending these deadlines.

4. We became aware that the Government was contemplating charges against Gallardo's spouse, Elizabeth Gallardo. Elizabeth Gallardo retained counsel in the matter and engaged in discussions with the Government. This was the primary factor of consideration for Gallardo in the resolution of his case, and this is something that he and I discussed at length.

5. It was because of his desire to see the case of his spouse

resolved without criminal charges, that he agreed to waive the statute of limitations in case 1:14-CR-221. **He signed and executed the waiver of his rights on April 5, 2014.** I also executed the waiver and sent the document to the U.S. Attorney's Office. *See Attached,* "Waiver Agreement."

6. My client was fully informed of his Constitutional rights and willingly waived those rights in order to secure the best possible resolution for himself and his spouse, Elizabeth Gallardo.

7. I at no time forged the signature of Joseph Gallardo on any legal documents.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JOSHUA D. LOCK, ESQUIRE

SWORN AND SUBSCRIBED TO before me this 28th day of June 2017, at Harrisburg, Dauphin Co., Pennsylvania

_____
Notary Public

My commission expires: 08/16/2019

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Naomi Losch, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires Aug. 16, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

-2-

EXHIBIT E

## Joshua Lock

| | |
|---|---|
| From: | Fawcett, Christy H. (USAPAM) [Christy.Fawcett@usdoj.gov] |
| Sent: | Monday, April 21, 2014 11:38 AM |
| To: | Rmintz@mccarter.com; Joshua Lock |
| Subject: | FW: Agreement in Lieu of Prosecution for Elizabeth Gallardo and plea agreement for Joe Gallardo are attached as discussed. |
| Attachments: | AGREEMENT IN LIEU OF PROSECUTION.docx; plea agreement.pdf |

**From:** Fawcett, Christy H. (USAPAM)
**Sent:** Monday, April 21, 2014 11:37 AM
**To:** Rmintz@mccarter.com; jdl@goldbergkatzman.com
**Subject:** Agreement in Lieu of Prosecution for Elizabeth Gallardo and plea agreement for Joe Gallardo are attached as discussed.

Also, please send me the executed waiver of the statute of limitations that we've discussed. If they're not dated, please back date to April 1, 2014. Thanks. Call with questions.

1

Joseph R. Gallardo
Moshannon Valley Correctional Center
555 Geo Drive
Philipsburg, PA 16866
Reg. No. 71561-067

Office of the Clerk
United States District Court
United States Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

-LEGAL MAIL-

-LEGAL MAIL-